08-3462-ag
Toma v. Holder

BIA
Rohan, IJ
A099 599 253

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand ten.

PRESENT:
    JOHN M. WALKER, JR.,
    GUIDO CALABRESI,
    REENA RAGGI,
        Circuit Judges.

_____

ALBERT TOMA, ALSO KNOWN AS BRUNO ORNELLA,
        Petitioner,

        v.                          08-3462-ag
                                    NAC
ERIC H. HOLDER, JR., ATTORNEY GENERAL,
        Respondent.

_____

FOR PETITIONER:          Saul C. Brown, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Albert Toma, a native and citizen of Albania, seeks review of a June 16, 2008 order of the BIA affirming the August 23, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Albert Toma*, No. A099 599 253 (B.I.A. Jun. 16, 2008), *aff'g* No. A099 599 253 (Immig. Ct. N.Y. City Aug. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in "asylum only" proceedings is the "functional equivalent of a removal order." *Kanacevic v. INS*, 448 F.3d 129, 134-35 (2d Cir. 2006). When, as in

2

this case, the BIA affirms without addressing each aspect of the IJ's decision, we review the decisions of both the BIA and the IJ.  *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006).  We review the agency's factual findings for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008), and its legal conclusions and application of law to undisputed fact *de novo*, *see Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I.  Asylum and Withholding of Removal

Although Toma did not argue before the BIA that the IJ erred in finding that changed country conditions in Albania rebutted any presumption of a well-founded fear of future persecution, because the BIA nonetheless considered the issue, we deem it exhausted.  *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006).

When an applicant for asylum has been found to have suffered past persecution, the presumption of a well-founded fear of future persecution may be rebutted if an IJ finds that there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened in the country of removal on account of one of

3

the five statutory grounds.  8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 188 (2d Cir. 2006) ("[T]here is no doubt that there has been a fundamental change in the political structure and government of Albania, beginning in 1990.  While Democrats have not been continuously in power, the IJ's perfunctory finding of changed conditions in Albania is adequate.").

Here, the agency assumed Toma's credibility and found that, even if he had established past persecution on account of his involvement with the Legality Movement Party, the government successfully rebutted any presumption of a well-founded fear by demonstrating a significant change in country conditions.  This determination is supported by substantial evidence, namely, (1) in Albania's 2005 election, a coalition comprising, *inter alia*, the Democratic Party and the Legality Movement Party won 46 seats in parliament; and (2) Toma's father, who also belongs to Legality Movement Party, has continued living peacefully in Albania.

Toma does not challenge these findings before this Court.  Instead, he argues that, because the 2005 Country Report discusses police violence and corruption in Albania,

"conditions remain unsafe and dangerous . . . regardless of the fact that the Democratic Party has formed a coalition government and now controls a majority of seats in Parliament." Pet'r's Br. at 18. Such general allegations, however, are insufficient to establish eligibility for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999).

Accordingly, the agency's finding that changed country conditions rebutted the presumption of a well-founded fear of future persecution is supported by substantial evidence. As Toma was unable to carry his burden for asylum, he has necessarily failed to carry the heavier burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006). Because the changed country conditions finding is dispositive, *see* 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(1)(A), we need not address the agency's additional findings.

**II. CAT Relief**

Although Toma asserts that he also seeks review of the denial of CAT relief, his brief confines any CAT argument to a single sentence, which does not address the agency's conclusion that neither his testimony nor any other evidence

5

in the record established a likelihood of torture upon return to Albania.  Accordingly, we deem any CAT challenge waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

6